The Honorable Brian D. Lynch
Chapter 11

WESTERN DISTRICT OF WASHINGTON
FEDERAL BANKRUPTCY COURT AT TACOMA

| | |
|---|---|
| HERBERT WHITEHEAD III and his community estate,<br><br>Plaintiff,<br><br>v.<br><br>NATIONS DEFAULT SERVICES, INC., and FIRST HORIZON HOME LOANS, a Division of FIRST TENNESSEE BANK, N.A.<br><br>Defendants. | Main Case: 22-40098-BDL<br><br>Adversary Case No.<br><br>COMPLAINT TO OBJECT TO PROOF OF CLAIM NO. 7 AND DENY IT AS A CLAIM |

Plaintiff, by and through his attorneys Salish Sea Legal PLLC, states and alleges as follows:

I. PARTIES

1.1 Herbert Whitehead III and Jenifer Whitehead are a married couple and residents of Pierce County, Washington ("Whitehead" or the "Plaintiff").

1.2 They are the record owners of the Property commonly known as 2419 199th Avenue Ct E, Lake Tapps, WA 98391 ("the Property").

1.3 The legal description of the Property is as follows:

COMPLAINT - 1

```
LOT(S) 30, TAPPS ISLAND DIVISION NO. 2,
ACCORDING TO THE PLAT RECORDED IN BOOK 50
OF PLATS, PAGE(S) 28 TO 32, IN PIERCE COUNTY,
WASHINGTON.
```

1.4     Defendant First Horizon Home Loans, a Division of First Tennessee Bank, N.A. ("First Tennessee") is a federal bank doing business in Washington State.

1.5     Defendant Nations Default Services, Inc. ("Nations") is a servicer for loan originated, inter alia, by First Tennessee.

## II.     VENUE AND JURISDICTION

2.1     This is an action to object to the claim asserted by First Tennessee and/or Nations in this bankruptcy case, and to deny the entitlement to any security interest in the Property.

2.2     The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

2.3     This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§ 105, 502, and 506.

2.4     This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

2.5     Venue is proper under 28 U.S.C. § 1409. The Property is located in this judicial district/division of the bankruptcy court.

## III.     FACTS

3.1     Plaintiff is the record owner of the Property.

3.2     Plaintiff purchased the Property in 1994.

3.3     In 2007, Plaintiff borrowed $250,000 from First Tennessee as a junior secured loan on the Property, as a home equity line of credit (the "Loan"). Proof of Claim No. 7 at p. 6 *et seq*.

3.4 In 2014, Plaintiff ceased making payments on the Loan.

3.5 Since 2014, neither Plaintiff nor any third party has made any payments on the Loan.

3.6 First Tennessee then accelerated the debt owed by Whitehead under the Loan.

3.7 After Whitehead stopped paying on the loan a collector called me and informed me the *total* balance was due and owing.

3.8 Several years later the Plaintiff further received a payment demand which also stated the *entire* balance was due and owing.

3.9 On January 27, 2022, Whitehead filed Chapter 11 bankruptcy.

3.10 On March 18, 2022, Nations filed a proof of claim (No. 7) on its own behalf, as well as on behalf of First Tennessee.

3.11 The Proof of Claim indicated no recorded payment history. *Id*. at p. 4.

## IV. FIRST CAUSE OF ACTION

4.1 Pursuant to RCW 4.16.040(1), the statute of limitations upon a contract in writing is six (6) years.

4.2 As Whitehead has not made any payments on the Loan to First Tennessee in more than six (6) years, the statute of limitations has run on the obligation.

4.3 Pursuant to RCW 7.28.300, Plaintiffs are entitled to judgment quieting title against First Tennessee's lien, and denying the Proof of Claim No. 7 filed by Nations.

4.4 The relevant statute reads in full as follows:

> *The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.*

SALISH SEA LEGAL PLLC
2212 Queen Anne Ave N, No. 719
Seattle, WA 98109
T (206) 257-9547

4.5     The 2007 Deed of Trust therefore is unenforceable and title should be quieted in the Debtor-in-Possession and free and clear of any interest of First Tennesee or Nations.

V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

5.1     Judgment denying Proof of Claim No. 7 and quieting title against First Tennessee's 2007 Deed of Trust;

5.2     Attorney fees and costs in the event this matter is contested; and

5.3     Any further relief this Court deems just and equitable under the circumstances.

DATED: March 21, 2022

                                                   SALISH SEA LEGAL PLLC

                                                   By:/s/ *Ben Ellison*
                                                        Benjamin A. Ellison, WSBA # 48315
                                                        Attorney for the Debtor-in-Possession